**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
JERONE JURDINE, an infant under the age of 18
years, by his father and natural guardian, Duke Jurdine,    **REPORT AND**
                               Plaintiff,    **RECOMMENDATION**

                - against -    CV 07-2915 (CBA) (JO)

CITY OF NEW YORK, et al.,
                              Defendants.
-----------------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Duke Jurdine ("Jurdine"), acting as the legal guardian of his infant son, filed the instant suit against defendants City of New York and police officers Joseph Seminara and Zehid Mehmood, alleging that they violated his son's civil rights by arresting him without probable cause and unlawfully imprisoning him for approximately twelve hours.  *See* Docket Entry ("DE") 10 (Amended Complaint) ("Complaint") ¶¶ 10-31, 54(d).  After exchanging written discovery but before taking any depositions, the parties agreed in principle to settle the case principally for a sum of $10,000, inclusive of attorney's fees and costs.  DE 13-2 (Affirmation [of plaintiff's counsel Wale Mosaku] In Support Of Application For Infant Compromise Order) ("Mosaku Aff.") ¶ 5.  Pursuant to the terms of the proposed settlement, after using the settlement funds to reimburse the plaintiff's counsel for certain minor litigation expenses, one third of the remainder will be paid to counsel as his fee, and the rest will be deposited into a bank account for the benefit of the infant.  Having reviewed Jurdine's submissions and conducted an infant compromise hearing, I respectfully recommend that the court approve the proposed settlement, including its provision for counsel's fee, as fair, reasonable, and in the best interests of the infant.  *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205-08; N.Y. Jud. Law § 474.

I.      Background

Jurdine alleges that on November 17, 2006, his then-fifteen-year-old son Jerone[1] was leaving a friend's apartment when he was approached by police officers. The officers allegedly asked Jerone whether he lived in the building, and upon hearing Jerone's explanation that he was on his way home from the friend's apartment, verified that information with the friend's father, who had by that time emerged from the apartment. The Complaint goes on to allege that the officers proceeded to search Jerone, arrest him without justification, place him in handcuffs, transport him to the 67th precinct, fingerprint and photograph him, and inform him that he would be prosecuted for trespassing. Jerone remained incarcerated at the 67th precinct for approximately nine to twelve hours. Amended Complaint ¶¶ 10-31, 54(d).[2] The next day, Officer Seminara issued a desk appearance ticket requiring Jerone to appear in Brooklyn Family Court on November 21, 2006. Jerone appeared as required on that day, and again on December 4, 2006. On or about April 4, 2007, attorneys for the City sent a letter to Jerone stating that charges would not be filed against him. Complaint ¶¶ 32-36.

---

[1] I use the first name of the plaintiff's minor son (and will refer to him simply as "Jerone" for ease of reference) notwithstanding the provisions of the E-Government Act of 2002, Pub. L. No. 107-347 (as amended Aug. 2, 2004) and this Court's Administrative Order 2004-09, because that name already appears on the public record of this case by virtue of the plaintiff's inclusion of it in the case caption and throughout the Complaint. I note the matter here so that counsel will, in future cases, take care to adhere to the law's requirements and protect the privacy of the minors and others whose interests the law protects.

[2] Although Jurdine alleged in his Complaint that his son's incarceration lasted for twelve hours, both he and his counsel submitted sworn statements in support of the proposed settlement asserting that the incarceration lasted for nine hours. *Compare* Complaint ¶ 54(d) *with* Mosaku Aff. ¶ 2 *and* DE 13-3 (Affidavit Of Duke Jurdine In Support Of Application For Leave To Settle Claim Of Infant Jerone Jurdine) ("Jurdine Aff.") ¶ 4. Neither the discrepancy nor the reason for it (as to which I decline to inquire or speculate) has any effect on my recommendation that the court approve the proposed settlement.

After exchanging written discovery, and taking into account the substantive strengths and weaknesses of the case, the parties negotiated a proposed settlement, pursuant to which the defendants would pay a total of $10,000 in settlement of all claims. The proposed settlement also explicitly provides for the distribution of the $10,000 total as follows: Jurdine's attorney will receive $3,310 in attorney's fees and reimbursement for costs of $70.00, leaving a balance of $6,620 to be paid into a bank account held by Jurdine for the exclusive benefit of his son until the latter achieves his eighteenth birthday. None of the settlement amount would go to Jurdine in his own right.

I held a hearing on March 6, 2008, to determine the reasonableness and propriety of the proposed settlement of the infant's cause of action and to determine a reasonable attorney's fee and proper expenses incurred by the plaintiff's attorney in prosecuting this action on behalf of the plaintiff. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. § 1208. Attorney Mosaku, Jurdine, and his son all appeared before me in person. In support of the proposed settlement, Mosaku submitted his own affirmation and Jurdine's affidavit, each of which describes and endorses the proposed settlement. Mosaku also submitted an affidavit by Jerone, who is now seventeen years old, consenting to the agreement's terms. DE 13-4. Mosaku explained the terms of the settlement on the record, as well as his view as to why the proposed result is a fair one. Both Jurdine and his son indicated that they understood and agreed to the terms of the proposed settlement. Jerone further stated that he believed Mosaku had worked diligently on his behalf, and that Mosaku's proposed fee and request for the reimbursement of costs was reasonable under the circumstances.

For the reasons set out below, I conclude that the proposed settlement is fair and reasonable, that the provisions made for securing the funds are appropriate and will adequately

3

protect the infant's interests, and that Mosaku's proposed fee is also reasonable. Accordingly, I respectfully recommend that the court approve the proposed settlement.

II.  Discussion

   A.  The Settlement Amount

There is no bright-line test for concluding that a particular settlement is fair. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 692-93 (2d Cir. 1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable, and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ...." *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (internal citations and quotation marks omitted).

There is no indication of collusion in this case. To the contrary, having reviewed the plaintiff's written submissions and having spoken with Jurdine, his son, and their counsel at the March 6, 2008 hearing, I am confident that they agreed to this settlement only after arm's-length bargaining with the defendants. I further conclude that the exchange of written discovery and counsel's investigation into the circumstances surrounding the alleged unlawful arrest and detention were sufficient to enable an intelligent analysis of the issues and the proposed settlement. In addition, Mosaku asserts, as required by state law, that neither he nor his firm has any interest in the settlement of the instant claim adverse to Jerone's, and that neither he nor his

firm has received or will receive any compensation other than that applied for in connection with this settlement. Mosaku Aff. ¶ 11; *see* N.Y. C.P.L.R. § 1208. He further asserts that no previous application has been made to any court for the relief sought in the Complaint. *Id.* ¶ 13. I am satisfied that Jerone's interests are not being sacrificed in any way and that counsel has faithfully represented those interests and his client's.

In considering a proposed settlement, the following factors are relevant, among others: the complexity, expense and likely duration of the litigation; the extent to which the parties have completed discovery; the litigation risks as to issues of both liability and damages; the defendants' ability to withstand a greater judgment; and the reasonableness of the proposed settlement fund compared to the best possible recovery and in light of all the litigation risks. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted). In applying these factors, I recognize that I need "'not decide the merits of the case or resolve unsettled legal questions.'" *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child, and accordingly, I give deference to Jurdine's views regarding the fairness of the settlement. *See, e.g.*, *Sabater v. Lead Indus. Ass'n, Inc.*, 2001 WL 1111505, at *3-*4 (S.D.N.Y. Sept. 21, 2001); *Stahl v. Rhee*, 643 N.Y.S.2d 148, 153 (N.Y. App. Div. 1996) (noting that "[i]n a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail").

Although the litigation in this case is not overly complex, it has caused, and is likely to continue to cause if not settled, a significant expense to all of the parties involved. Moreover,

5

Mosaku expressed his view, in both his affidavit and during the March 6, 2008 hearing, that there are significant risks associated with proceeding to trial; in particular, it may be difficult for Jurdine to establish the defendants' liability. Even if he succeeded in doing so, Jurdine would also face a substantial challenge in proving damages, as he concedes that his son did not sustain any significant injuries – physical, psychological, or emotional – as a result of the allegedly unlawful arrest and detention. Jurdine Aff. ¶ 15; Mosaku Aff. ¶ 6.

Under the terms of the proposed settlement, the defendants will pay $10,000. After subtracting $3,380 in attorney's fees and costs payable to attorney Mosaku, the remaining $6,620 will be paid into an account that Jurdine will hold for the sole use and benefit of his son until the latter reaches adulthood. Based on an evaluation of the circumstances of the case, I conclude that the proposed settlement is reasonable and respectfully recommend that the court approve it.

    B.    <u>Attorney's Fees</u>

Under New York Judiciary Law Section 474, the criterion for determining the appropriate amount of attorney's fees to be awarded in the context of an infant compromise proceeding is "'suitable compensation for the attorney for his service ... [on] behalf of the ... infant.'" *Allstate Ins. Co. v. Williams*, 2006 WL 2711538, at *4 (E.D.N.Y. Sept. 21, 2006) (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (N.Y. Sup. Ct. 1967)). Although Jurdine has agreed to Mosaku's proposed fee and request for reimbursement of costs (as indeed has his son), such agreements are merely advisory; they serve only to guide the court in making a determination committed to its sound discretion. *Id.* (quoting *Werner*, 276 N.Y.S.2d at 271).

Attorney Mosaku has submitted an affidavit listing the various services his office has performed during the pendency of this case, and represented orally at the March 6, 2008 hearing

that those services consumed fifteen to twenty hours of time and significant effort. Mosaku Aff. ¶ 12. Jurdine's son also expressed his belief that Mosaku worked diligently on his behalf to procure the proposed settlement. Both Mosaku and Jurdine agree that they entered into a standard retainer agreement to pay Mosaku one-third of the amount recovered on the infant plaintiff's behalf, plus costs. *Id.* ¶ 3; Jurdine Aff. ¶ 8. Based on these representations, and given the amount of work involved, I conclude that the requested attorney's fee of one-third of the total settlement payment is reasonable and respectfully recommend that the court approve that fee.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court approve the parties' proposed settlement; specifically, I recommend that the court approve the following terms to which the parties have agreed: a payment by the defendants of a total of $10,000 in satisfaction of all of the plaintiff's pending claims, with $70 in costs and $3,310 in fees to be paid out of that amount to the plaintiff's attorney, and the remaining balance of $6,620 to be deposited in an interest-bearing account at Chase Manhattan Bank, located at 20 Flatbush Avenue, Brooklyn, New York in the name of Duke Jurdine for the sole use and benefit of his son Jerone Jurdine until the latter reaches the age of eighteen years; provided that the funds in the account may be used to pay for necessary medical expenses upon order of the court, and further provided that the bank shall without further court order pay over to Jerone Jurdine all monies held in that account when he reaches the age of eighteen years. I further recommend that the court retain jurisdiction of this action for the purposes of enforcing this infant compromise order and the terms of the underlying settlement, entering this infant compromise order directing the

disposition of funds, and hearing and determining applications for the release of funds under this infant compromise order.

IV.     Objections

This Report and Recommendation will today be filed electronically on the court's ECF system and is therefore deemed served on the parties as of today's date. Any objections to this Report and Recommendation must be filed with the Clerk no later than March 31, 2008. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(a), (d). Failure to file objections within that period, absent the entry of an order extending that deadline pursuant to Federal Rule of Civil Procedure 6(b)(1), will waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
       March 12, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge